**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| OCHO DOE,<br><br>        Plaintiff,<br><br>                v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>        Defendants. | Civil Action No. 26-1557 |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Ocho Doe was born in Iran but moved to the United States in 1999 and is now a naturalized American citizen.  <u>See</u> ECF No. 1 (Compl.), ¶ 5.  While Doe has left Iran's territory, however, he has not escaped the reach of its Government.  He spent years covering Iran as a journalist with Voice of America and Iran International.  <u>Id.</u>  That reporting — which was presumably none too flattering to the Islamic Republic — "made him a prominent and publicly known voice of Iranian opposition journalism."  <u>Id.</u>, ¶ 17.  It also made him a target of the Iranian Government's reprisal.  <u>Id.</u>

Iran has arrested Plaintiff's relatives, <u>id.</u>, ¶¶ 22–23, 38; threatened Plaintiff and his family, <u>id.</u>, ¶¶ 24–27; and even apparently directed three attacks against Plaintiff, in which groups of assailants beat him — and, in one incident, cut him with a knife.  <u>Id.</u>, ¶¶ 28–36.  Plaintiff thus sued Iran for damages under the Foreign Sovereign Immunities Act.  <u>Id.</u>, ¶¶ 45–70; <u>id.</u> at 17.  He now moves to proceed pseudonymously.  <u>See</u> ECF No. 2 (Mot.).  The Court will grant his Motion.

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1).  That requirement reflects the "presumption in favor of disclosure [of litigants'

identities], which stems from the 'general public interest in the openness of governmental

processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed

Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing

Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus

"bears the weighty burden of both demonstrating a concrete need for such secrecy, and

identifying the consequences that would likely befall it if forced to proceed in its own name."  In

re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the

litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by

applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at

96).  That test assesses "five non-exhaustive factors":

(1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3)  the ages of the persons whose privacy interests are sought to be protected;

(4)  whether the action is against a governmental or private party; and relatedly,

(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

2

**II.    Analysis**

Plaintiff has shown that his interest in pseudonymity outweighs the public's interest in learning his identity.

Starting with the first factor, Plaintiff seeks to preserve the confidentiality of sensitive details.  That includes using pseudonymity to protect the safety of oneself and one's family.  Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023).  Here, Plaintiff alleges that he and his family have been subject to years of threats and even physical attacks at the hands of Iranian proxies.  Apparent Iranian agents have sent Doe death threats, at least one of which included photographs of his house and family members.  See Compl., ¶¶ 25–27.  And it seems that Iran's proxies have three times set gangs of attackers on Plaintiff — including one attack that left Plaintiff in critical condition.  Id., ¶¶ 28–36.  Doe wants to remain anonymous to protect himself and his family from further threats and violence, see Mot. at 5–6, which this factor favors.

The second factor — a risk of retaliatory harm — similarly weighs toward pseudonymity.  The incidents described above were, Doe alleges, in retaliation for his reporting that was unfavorable to the Iranian regime.  See Compl., ¶¶ 17, 22–23, 34–35, 38.  His Complaint likewise publicly accuses the Islamic Republic of actions that, if true, it would surely prefer to keep hidden: that it arrests its own citizens and holds them as hostages to deter foreign journalists from speaking out, id., ¶¶ 22–23, 38, and that it sics goons on foreign journalists to intimidate them into silence.  Id., ¶¶ 28–36.  It seems plausible that attaching Doe's name to these accusations would put him and his family in further danger — especially now that he is also suing the Iranian Government for more than $50 million.  Id. at 17.  The "risk of retaliatory . . . harm to" Plaintiff — and, "even more critically, to innocent non-parties" — thus argues for

letting him proceed pseudonymously. In re Sealed Case, 971 F.3d at 326 (quotation marks omitted).

Doe concedes that the third factor (the age of the people whose privacy interests are at stake) goes against him, since he is an adult. See Mot. at 8.

As for the identity of the defendants, this factor tips toward pseudonymity when a plaintiff is suing a government for individualized relief. Doe v. Rubio, 2025 WL 3522731, at *2 (D.D.C. Dec. 9, 2025). Plaintiff checks both boxes. He has sued the Government of Iran, its Islamic Revolutionary Guard Corps, and its Ministry of Intelligence and Security, see Compl., ¶ 1 — governmental entities all. And he is seeking damages, id. at 17, which is a form of individualized relief.

Finally, letting Plaintiff proceed pseudonymously will not prejudice Defendants. He has offered to disclose his identity to Defendants under seal (in the unlikely event that Iran appears and defends this action), which will protect his name from disclosure to the third parties who threaten him without limiting Defendants' ability to guard their rights in this suit. See Mot. at 11; J.K.A. v. United States, 2023 WL 12248425, at *3 (D.D.C. Aug. 10, 2023) (when plaintiff makes such offer, this factor argues for pseudonymity).

The Court will therefore grant Plaintiff's Motion.

The Court accordingly ORDERS that:

1.  Plaintiff's [2] Motion for Leave to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2.  All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file a pseudonymous version of his [2] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  June 2, 2026